IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

National Association For The
Advancement of Colored People et al,

    *Petitioners*,

    v.

United States of America,

    *Respondent*.

Case No. 1:26-mi-00022-JPB

**UNITED STATES OF AMERICA'S
MOTION TO SUMMARILY DISMISS
OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

Judge Salinas found that an FBI agent's sworn affidavit established probable cause that Fulton County election records contained evidence of violations of federal criminal law. Judge Salinas thus authorized the FBI to execute a search warrant and seize the records. Petitioners now ask the court to "bar DOJ from using the seized information beyond the criminal investigation described in the search warrant." Doc. # 1-1 ("Mot.") at 2. As authority, they point to Rule 41(g) of the Federal Rules of Criminal Procedure. *Id.* at 18. But Rule 41(g) contemplates motions for "*return* [of] the property to the *movant*." Fed. R. Crim. P. 41(g) (emphasis added). Because Petitioners do not seek return of the records to Petitioners, and could not seek such "return" because they do not claim any possessory interest, the Court should summarily dismiss this action. In the alternative, the Court should enter a stay pending resolution of the Rule 41(g) motion in *Pitts v. United States*, 1:26-CV-00809-JPB.

## I.  THE COURT SHOULD SUMMARILY DISMISS THIS CASE FOR LACK OF JURISDICTION

In the absence of a criminal proceeding, a Rule 41(g) motion is treated "as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). "Only the narrowest of circumstances permit a district court to invoke equitable jurisdiction." *Trump v. United States*, 54 F.4th 689, 697 (11th Cir. 2022).

The Court can easily conclude that such circumstances are not present here (without even considering the stringent *Richey* factors). *See Trump*, 54 F.4th at 697

1

(citing *Richey v. Smith*, 512 F.2d 1239, 1243-44 (5th Cir. 1975)). Rule 41(g) allows "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property [to] move for the property's return." Fed. R. Crim. P. 41(g). If a court grants a Rule 41(g) motion, it "must return the property to the movant" (subject to reasonable conditions). *Id.* Given that a Rule 41(g) motion is for *return* of property *to the movant*, a Rule 41(g) movant "must show that he had a possessory interest in the property seized by the government." *Howell*, 425 F.3d at 974; *see also id.* at 977 ("In order for one to receive relief under Fed. R. Crim. P. 41(g), the individual must have an ownership right to the property in question.").

Rule 41(g) is plainly inapplicable here. Petitioners have not asked the Court to grant "the property's return . . . to the movant" (or anyone else). Fed. R. Crim. P. 41(g); *see* Mot. 2 (seeking to "bar DOJ from using the seized information beyond the criminal investigation"). Nor could they, because they do not claim any possessory interest. *See* Mot. 7 (describing the records as having been in the custody of the "Fulton County Clerk of Courts"). For the same reason, Petitioners do not claim any "deprivation of property." Fed. R. Crim. P. 41(g). And they expressly disclaim any argument there has been an "unlawful search and seizure." *Id.*; Mot. 2 (Petitioners' motion "does not turn on the legality of the warrant or the seizure"). So Rule 41(g) is inapt several times over.

2

The Court lacks jurisdiction for the independent reason that Petitioners lack standing. *See Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("[S]tanding is jurisdictional[.]"). While not disputing that the United States can use the seized evidence in its "criminal investigation," Mot. 2, Petitioners purport to have "grave concern" about "a *potential* effort to misuse voter data," *id.* at 8 (formatting modified) (emphasis added). In other words, Petitioners rely solely on "speculative fears of future harm," which cannot support standing. *City of South Miami v. Governor*, 65 F.4th 631, 640 (11th Cir. 2023).

## II.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THIS CASE

If the Court does not summarily dismiss this action, the Court should at least hit pause. "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "When deciding whether to grant a stay, courts generally consider . . . (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.* 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012).

Those factors strongly support a stay pending resolution of *Pitts*, where the petitioners—for all the defects in their Rule 41(g) motion—are at least purporting

3

to seek return of the records and challenge their seizure (and where the Court has ordered the parties to mediate). Such a stay would not prejudice Petitioners here—especially given that they do not claim any imminent, non-speculative injury. And a stay could simplify the issues in this case because *Pitts* concerns the same property. Finally, there has been minimal litigation so far in this matter. The Court should thus order a stay to conserve court and party resources.

## CONCLUSION

For these reasons, the Court should summarily dismiss this case or, alternatively, stay the case pending resolution of the petitioners' Rule 41(g) motion in *Pitts*. If the Court declines to dismiss or stay this case, the United States reserves all potential arguments in opposition to Petitioners' Rule 41(g) motion.

Respectfully submitted,

STANLEY E. WOODWARD, JR.
*Associate Attorney General*

/s/ THOMAS C. ALBUS
THOMAS C. ALBUS
*Special Attorney to the Attorney General and United States Attorney for the Eastern District of Missouri*
Missouri Bar No. 46224
Thomas Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-2200

A. TYSEN DUVA
*Assistant Attorney General – Criminal Division*

R. TRENT MCCOTTER
*Associate Deputy Attorney General*

MICHAEL WEISBUCH
*Senior Counsel to the Associate Attorney General*

PETER L. COOCH
*Trial Attorney/Senior Counsel, Criminal Division*

5

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

*/s/ THOMAS C. ALBUS*
THOMAS C. ALBUS
*Special Attorney to the Attorney General
and United States Attorney for the
Eastern District of Missouri*
